IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

BERNARD CANTOR and ELLEN CANTOR

CASE NO.

    Plaintiffs,

vs.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST

    Defendant.
_____/

## NOTICE OF REMOVAL

    Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST ("Hartford"), pursuant to 28 U.S.C. §1441(a), removes that certain cause of action now pending in the Circuit Court of the Eleventh Judicial Circuit of Florida, in and for Miami-Dade County, styled *Bernard Cantor and Ellen Cantor v. Hartford Insurance Company of the Midwest*, Case No. 10-14848 CA 15 ("State Court Action"), wherein Plaintiffs demand judgment against Hartford, stating as follows:

    1.    On or about March 23, 2010, Plaintiffs served an action against Hartford to compel appraisal and for breach of contract with regard to a first-party property insurance claim by Plaintiffs Bernard Cantor and Ellen Cantor. Plaintiffs filed this State Court Action in the Circuit Court of the Eleventh Judicial Circuit of Florida, in and for Miami-Dade County, Florida. Therefore, venue in this Court is proper because Plaintiffs' State Court Action is pending in that court which is within the Miami Division of the United States District Court for the Southern District of Florida. A copy of Plaintiffs' Petition to Compel Appraisal and Alternatively for Breach of Contract is attached within Composite Exhibit 1 (copies of all pleadings served on Hartford in the State Court Action), attached hereto.

2. Jurisdiction is proper in this Court. This case is removable, pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.00.

## COMPLETE DIVERSITY EXISTS

3. On information and belief, at the time this Action was filed, at the present time, and at all times material to this Action, Plaintiffs are citizens of the State of Florida, residing in Miami-Dade County, Florida. *See* Declaration of Eugene P. Murphy in Support of Notice of Removal ("Murphy Declaration") ¶ 3. The Murphy Declaration is filed contemporaneously with this Notice.

4. Hartford is not a citizen of Florida. It is not incorporated in Florida and does not have its principal place of business in this State. At all times material to this Action (including the present), Hartford has been incorporated under the laws of the State of Indiana and has had its principal place of business located in Hartford, Connecticut. *See* Murphy Declaration ¶ 3. At all times material to this action, Hartford has been a foreign corporation doing business in Florida. *See* Petition/Complaint ¶ 3. At no time material to this action have Hartford and Plaintiffs been residents or citizens of the same state. *See* Murphy Declaration ¶ 3.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

5. Ordinarily, the amount in controversy for purposes of diversity jurisdiction is determined by looking to the allegations in the complaint. *See* 28 U.S.C. § 1332. In this case, however, the amount in controversy is not evident from the face of Plaintiffs' pleading. "[I]n the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). The Court should "review the propriety of removal on the basis of the removing documents," and "[i]f the jurisdictional amount is either

stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." *Id.* at 1211; *see also Macy's Fla. Stores, LLC v. Ill. Nat'l Inc. Co.*, 2008 U.S. Dist. LEXIS 64908, *5-6 (S.D. Fla. 2008).

6.      Plaintiffs have filed a two-count action against Hartford:  Count I is a Petition to Compel Appraisal, and Count II is complaint for Breach of Contract.  The Eleventh Circuit has held that an action to obtain an order compelling appraisal is the substantive equivalent to an action for declaratory relief for federal jurisdictional purposes, as the action seeks a judicial determination of the parties' rights and obligations under a contract of insurance. *Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 777 n.10 (11th Cir. 2000) (holding that the district court properly retained jurisdiction over a state court petition to compel appraisal that was removed to federal court).  Removal of state court petitions to compel appraisal based on diversity jurisdiction is hardly uncommon. *E.g.*, *Jacobs v. Nationwide Mut. Fire Ins. Co.*, 236 F.3d 1282, 1283 (11th Cir. 2001); *Gahn v. Columbia Cas. Ins. Co.*, 2005 U.S. Dist. LEXIS 42900, *1 (D. Ariz. 2005). That declaratory nature of Plaintiffs' Count I is reinforced by the fact that Hartford denied entirely Plaintiffs' claim for lack of coverage, requiring the Court to determine whether the policy covers the claim before reaching the issue of whether to compel appraisal of it. *See* Murphy Declaration ¶ 4-5; *Sunshine State Ins. Co. v. Corridori*, 28 So. 3d 129 (Fla. 4th DCA 2010).

7.      "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000); *see Hunt v. Washington State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977). "Thus, the value of the requested declaratory relief is the monetary value of the benefit that would flow to the Plaintiffs if the declaration is granted." *MCC Mgt. of Naples, Inc. v. Arnold & Porter, LLP*, 2008 U.S. Dist. LEXIS 11052, *6-

7 (M.D. Fla. 2008) (citing *Cohen*, 204 F.3d at 1077). Further, "when a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees." *Cohen*, 204 F.3d at 1079. Such fees include attorney's fees sought pursuant to § 627.428, Fla. Stat. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000).

8. "[In] declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, 'the jurisdictional amount in controversy is measured by the value of the underlying claim'" of loss under the policy. *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (quoting 14B Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* 3d § 3710 (3d ed. 1998)); *see St. Paul Reinsurance Co.*, 134 F.3d 1250, 1253 (5th Cir. 1998) (explaining that when ascertaining the amount in controversy regarding an action for declaratory judgment to determine coverage provided by a property insurance policy, "the 'object of the litigation' is the policy and the 'value of the right to be protected' is [the insurer]'s potential liability under that policy"). Therefore, the jurisdictional amount in controversy in Count I is the value of Plaintiff's underlying insurance claim, together with recoverable attorney's fees.

9. This same amount is the jurisdictional amount in controversy at issue in Count II, an action for breach of the insurance contract. Plaintiffs allege that Hartford "has failed to fully indemnify Plaintiffs for their losses covered under the subject Policy and, thus, have breached the subject Policy." *See* Petition/Complaint ¶ 17. Therefore, the amount in controversy under the theory asserted in Count II is the value of Plaintiffs' underlying claim for coverage under the Policy, which Hartford denied.

10. Plaintiffs allege that their dwelling suffered a loss caused by hurricane on or about October 24, 2005. *See* Petition/Complaint ¶ 6. Over three years later, Plaintiffs first reported the

4

loss to Hartford on January 29, 2009, through the public adjusting firm of Five Stat Claims Adjusting ("the PA").  *See* Murphy Declaration ¶ 4.  Through the PA, Plaintiffs claimed $58,469.27 in property damages.  *See* Murphy Declaration ¶ 4.  Hartford investigated the claim. Upon completion of its investigation, on May 18, 2009, Hartford denied the claim in its entirety, on the ground that Plaintiffs breached the policy's conditions of "Duties after Loss", which included Plaintiffs' duty to give prompt notice of the loss, and on the ground that the claimed damages were not caused by a covered cause of loss.  *See* Murphy Declaration ¶ 4.  Thereafter, Plaintiffs twice demanded appraisal, which Hartford denied based upon its previous total denial of coverage.  *See* Petition/Complaint ¶ 9 & Ex. B.

11. In Count I, Plaintiffs seek an order compelling Hartford to participate in appraisal and thus obtain payment under the policy for their claimed losses, which they have valued at $58,469.27.  *See Murphy Declaration ¶ 4*; *Fernandez v. Allstate Ins. Co.*, 2008 U.S. Dist. LEXIS 8086,*2 (E.D. La. 2008) (accepting "damage assessments or repair estimates for the property" as "affirmative proof in regards to the amount in controversy"); *accord Sea Trek, Inc. v. Sunderland Marine Mut. Ins. Co.*, 1995 U.S. Dist. LEXIS 10628 (E.D. La. 1995).  Similarly, in Count II, Plaintiffs seek damages in the amount Hartford refused to pay for their claimed losses, which they have valued at $58,469.27.  Assuming Plaintiffs concede the applicability of the windstorm deductible of $10,200[1] to their claim of $58,469.27, the monetary value of the benefit as to recovery under the policy that would flow to Plaintiff if their requested relief is granted on either Count I or Count II is, from their perspective, $48,269.27.

12. In Count I and Count II, Plaintiffs further claim they are entitled to attorney's fees pursuant to § 627.428, Fla. Stat.  *See* Petition/Complaint ¶¶ 16, 19; *Morrison*, 228 F.3d at 1265

---

[1] As shown in the policy's Declarations (attached hereto as Exhibit 2), the percentage deductible for windstorm loss is 5% of the $204,000 limit of coverage for the dwelling, or $10,200.

(explaining that as to an individual plaintiffs, attorney's fees pursuant to § 627.428, Fla. Stat., should be included in determining the amount in controversy).

13. With regard to Plaintiffs' claim for statutory attorney's fees, Hartford has the burden to show that "it is more likely than not that those fees will exceed" an amount sufficient, when added to the underlying insurance claim, to meet the jurisdictional threshold of $75,000. *See Lancaster Auto Care v. Travelers Indem. Co.*, 2008 U.S. Dist. LEXIS 93300, *4 (M.D. Fla. 2008). To meet this burden, a "defendant, for example, can provide the district court with affidavits containing the possible range of attorney's fees that are recoverable in the case." *Jackson v. Am. Gen. Fin. Servs., Inc.*, 2006 U.S. Dist. LEXIS 19927, *6 (M.D. Ga. 2006). The district court may consider whether attorney's fees that would be incurred by the parties in discovery and in advancing the case toward trial "are likely to further push to total amount in controversy over the $75,000 threshold." *Logdson v. Duran, Inc.*, 2005 U.S. Dist. LEXIS 13906, *14 (M.D. Fla. 2005). As one court concluded after examining the removing party's evidence of estimated attorney's fees: "Though this figure is not subject to exact computation at this stage of the proceedings, the court believes that any reasonable amount awarded Plaintiffs would be sufficient, when combined with the balance of the amount in controversy, to satisfy 28 USC § 1332(a)." *Hall v. Travelers Insurance Co.*, 691 F. Supp. 1406, 1409 (N.D. Ga. 1988).

14. This litigation will necessarily require a judicial determination of whether the policy covers the claimed loss before reaching the issue of whether to compel appraisal. *See Sunshine State Ins. Co. v. Corridori*, 28 So. 3d 129 (Fla. 4th DCA 2010) (holding that disputed coverage defenses precluded appraisal because "coverage issues must be resolved before an appraisal of the amount of a loss is ordered"). Furthermore, Plaintiffs have demanded a jury trial on "all issues triable". *See* Petition/Complaint at 5. As such, it is unreasonable to conclude that Plaintiffs' attorney's fees would be less than $28,000, resulting in a total amount in controversy

6

of not less than approximately $76,000, exclusive of interest and costs. *See Murphy Declaration* ¶ 5. As in *Hall*, *supra*, although the amount of attorney's fees is not subject to exact computation at this stage of the proceedings, any reasonable amount awarded to Plaintiffs would be sufficient, when combined with the balance of the amount in controversy, to satisfy the jurisdictional amount.

15. As set forth above and in the accompanying sworn Declaration, Hartford has submitted a reasonable factual basis to conclude that it is more likely than not that Plaintiffs' recoverable attorney's fees would exceed an amount sufficient, when added to Plaintiffs' claimed property losses, to exceed $75,000. Absent proof to the contrary, Hartford has met its burden to show the requisite amount in controversy for purposes of diversity jurisdiction. *See Alshakambeth v. Food Lion, Inc.*, 2007 U.S. Dist. LEXIS 20746, *6-7 (M.D. Fla. 2007).

## ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

16. Copies of all process, pleadings, and orders served on Hartford, and such other papers that are exhibits as required by 28 U.S.C. § 1446, and the Local Rules of this Court, are filed herein. *See* Composite Exhibit 1.

17. This Notice is filed this 16th day of April, 2010, within thirty (30) days of receipt of process on March 19, 2010, by the Chief Financial Officer of the State of Florida, who effected service of process upon Hartford by forwarding same to Hartford on March 23, 2010.

18. Pursuant to 28 U.S.C. § 1446(d), Hartford has provided written notice of the filing of the Notice of Removal, along with copies of this Notice of Removal and all attachments, to all adverse parties and with the Clerk of the Circuit Court of the Eleventh Judicial Circuit, in and for Miami Dade County, Florida.

WHEREFORE, HARTFORD INSURANCE COMPANY OF THE MIDWEST, prays that this Court exercise jurisdiction over this matter.

          Respectfully Submitted,

          ROBINSON & COLE LLP

/s/ Eugene P. Murphy _____
Eugene P. Murphy (0638501)
emurphy@rc.com
1343 Main Street – Suite 400
Sarasota, FL  34236-5635
Tel.: 941/906-6850; Fax:  941/906-6851
*Attorneys for Defendant*
*Hartford Insurance Company of the Midwest*

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished by First Class Mail on this 16th day of April, 2010, as follows:

Ryan H. Sherman, Esq.
Sherman Law, P.A.
18801 NE 21st Avenue
Miami, Florida  33179
Tel:  305-494-6345
Fax:  305-937-1429
*Attorney for Plaintiffs*

/s/ Eugene P. Murphy _____

8